The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. 2:19-cr-00233-RAJ |
|---|---|
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR CONVERSION OF SENTENCE TO HOME CONFINEMENT OR TO CONTINUE SELF-SURRENDER DATE |
| SAMUEL McKEEMAN, | |
| Defendant. | |

This matter comes before this Court on Defendant Samuel McKeeman's Motion for Conversion of Sentence to Home Confinement or to Continue Self Surrender Date. Dkt. 29. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

The defendant has characterized this motion as one for conversion of his original sentence, but in reality, it is a motion for reconsideration seeking modification of the custodial component of his sentence. Motions for reconsideration are generally disfavored. Local Rule W. D. Wash. LCR 12(b)(13)(A). The Rule goes on to note that the court will ordinarily deny such motions in the absence of a showing of manifest error

ORDER - 1

in the prior ruling or a showing of new facts or legal authority which could not have been brought to the attention of the court earlier with reasonable diligence.

The defendant does not allege manifest error in the Court's prior order but narrows his argument to the new facts component of the Rule. Specifically, he contends the COVID-19 virus, his ten-year smoking habit, and his parents' health concerns are extraordinary and compelling reasons to support reconsideration of the sentence imposed. Dkt. 29.

The government does not appear to contest the severity of COVID-19 constitutes facts that could not have been brought to the Court's attention earlier. Instead, the government focuses its opposition primarily on grounds that the Court lacks authority to consider the defendant's motions as well as a challenge to the underlying reasons identified to support the conversion. Dkt. 31.

The Court need not address the issue of whether it has authority to address or reconsider its prior decision as the Court is basing its conclusion that home detention is not appropriate in light of the Title 18 U.S.C. §3553(a) factors. In addition, the Court is not satisfied that the defendant has presented sufficient facts or circumstances to justify an extraordinary and compelling reason to justify modification of his sentence.

The essence of defendant's motion is focused upon his and his parents' risk factors if he is exposed to the virus.

First, if defendant is directed to serve his term of incarceration at FDC-SeaTac, the current (August 17, 2020) conditions at that facility according to the BOP website https://www.bop.gov/coronavirus indicate:

| | |
|---|---|
| Inmates Positive: | 8 |
| Staff Positive: | 2 |
| Inmate Deaths: | 0 |
| Staff Deaths: | 0 |
| Inmates Recovered: | 1 |
| Staff Recovered: | 0 |

ORDER - 2

While any number of positives of the virus are of significant concern to this Court, it would appear the potential effects of COVID-19 at that facility would be minimal considering the current pandemic record at FDC-SeaTac.

The defendant's motion is devoid of any showing that the FDC-SeaTac is unequipped to provide appropriate medical treatment if he were to become infected with the virus.  Nor does the defendant assert any facts to demonstrate that he faces a greater risk while in custody than what he would face in the community upon his release.

Second, the defendant has established with declarations from himself and his mother that he has smoked cigarettes for more than ten years. Yet, other than smoking, his medical history suggests he is a healthy 37-year-old.  According to the defendant's Presentence Report it was noted that by the time of sentencing he was in good physical health with no reported allergies or medical issues requiring attention.  PSR ¶ 41.  No facts have been presented to the contrary.

Regarding his long-term smoking, the government directs the Court to the Centers for Disease Control and Prevention list of conditions that might increase a person's risk for severe illness from COVID-19.  While smoking is included in a second list of concerns and <u>may</u> cause concern for some, the defendant's articulated smoking justification is not one of those rare cases where a modification or reduction in sentence is the appropriate remedy.

The defendant has also suggested that his parents' health concerns should be considered as a justification for extraordinary and compelling reason for his sentencing modification.  While the defendant's expressed concern for his parents' well-being during this pandemic is noble, he has not presented a factual or legal basis to support his concern other than that of generalized fear.

At the time the defendant was sentenced, the Court applied the Title 18 U.S.C. § 3553(a) factors.  The Court sentenced the defendant to four months in custody to be followed by a period of home confinement of 6 months.  At sentencing, the Court considered the defendant's history and characteristics and found that the custodial

component of the sentence was appropriate and necessary to promote respect for the law, provide just punishment, and to avoid unwarranted sentencing disparities. None of the arguments the defendant has advanced in support of his motion support a rebalancing of the § 3553 (a) factors or conversion of his four-month custodial sentence to home confinement.

**THEREFORE**, the defendant's Motion for Conversion of Sentence to Home Confinement is **DENIED**.

The Court **ORDERS** that the defendant's report date is extended from August 19, 2020 to October 19, 2020. He is directed to report on that date to the Federal Detention Center, Seattle, Washington to begin commencement of his sentence.

DATED this 18th day of August, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge